IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHARMANE JACKSON, Individually and as Representative and Heir of the Estate of CHANDLER HUGH JACKSON        Plaintiff, | § § § § § | |
| v. | § § | 4:06CV237 |
| U.S. KIDS GOLF, LLC, FORMOSA GOLF CORPORATION d/b/a SW GOLF FEMCO STEEL CO., LTD, AND BOSS INTERNATIONAL, LLC d/b/a FEMCO STEEL TECHNOLOGY/FST/ FEMCO, LCC,        Defendants. | § § § § § § § | |

**ORDER REGARDING MOTION TO COMPEL PRODUCTION OF
RECORDS AND MENTAL EXAM**

Now before the Court is Defendant U.S. Kids Golf, L.L.C.'s Motion for FRCP 35 Mental Examination and Motion to Compel Production of Records (Dkt. 113). Having considered the motion and Plaintiff's response, the Court finds that it should be DENIED.

In its motion, Defendant asks this Court to order a mental examination of Plaintiff Charmane Jackson pursuant to Rule 35 and to order the production of her medical records. Defendant argues that it is entitled to this discovery because Plaintiff has put her mental condition in issue by seeking loss of consortium damages well as damages for mental anguish.

The request for a Rule 35 exam is denied. Rule 35 allows a court to order a party whose mental condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. FED. R. CIV. P. 35. However, such an order is within the Court's

1

discretion, and the order may only be made "on motion for good cause." FED. R. CIV. P. 35(a)(2)(A) ."Good cause requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 200 -201 (E.D. Tex. 1996) (citing *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S. Ct. 234, 242-43, 13 L. Ed.2d 152 (1964)). And it is Defendant's burden – as the party seeking the exam here– to show good cause. *Id.* The Court finds that Defendant has not made a sufficient showing of good cause, and without additional information showing how Plaintiff's medical records and deposition testimony are insufficient, denies the motion for mental examination.

Defendant also seeks to compel some of Plaintiff's medical records which Plaintiff has refused to disclose based on the privilege between a patient and a professional mental health provider. In particular, Defendant seeks the medical records of Laura Johnson, a psychologist who treated Plaintiff prior to her son's death. The deposition testimony attached by Defendant indicates that Johnson provided marital counseling to Plaintiff prior to her son's death.

Because this is a diversity case, Texas law governs the issues of privilege and waiver. FED. R. EVID. 501; *see Jaffee v. Redmond,* 518 U.S. 1, 16, 116 S. Ct. 1923, 135 L. Ed.2d 337 (1996). Accordingly, under Texas law, as a general rule, any of Plaintiff's mental health records that qualify as privileged under Texas Rules of Evidence 509 and 510 are protected and are not discoverable here.

To waive the physician-patient privilege in Texas, a plaintiff must rely upon the mental condition as part of the claim or defense. TEX. R. EVID. 509(e)(4) & 510(d)(5). Thus, the question becomes whether Plaintiff here has made her mental condition part of her claims. In Texas, a routine

allegation of mental anguish or emotional distress – especially in a personal injury action – generally does not place the party's mental condition in controversy. *Coates v. Whittington,* 758 S.W.2d 749, 753 (Tex. 1988). To waive privilege, "[t]he plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss." *Id.*

Here, Plaintiff seeks damages for mental anguish sustained in the past and future. *See* Dkt. 52 at 9. Plaintiff's complaint makes no extraordinary claims of mental anguish. As to mental damages, in particular, Defendant has attached deposition testimony from Plaintiff describing her grief over the death of her son, including testimony that she has even slept on his grave. The Court finds that there is not a showing that Plaintiff's request for damages resulting from her reaction to her son's death exceeds what would be a common allegation regarding such an event. Moreover, as to the records of Laura Johnson, in particular, the Court cannot see how those records are relevant to the claimed mental anguish here. Therefore, at this time, the Court finds that Plaintiff has not placed her mental condition into controversy such that the marriage counselor's pre-incident records should be disclosed. *Monroe v. Cessna Aircraft Co.* 2007 WL 838932, *1 (E.D. Tex. 2007) (finding wife's claims of mental anguish did not place their mental condition in controversy because they were "only seeking damages for their emotional reactions to their husbands' deaths.").

Finally, the Court notes that there is an indication in Defendant's motion that Laura Johnson was designated in discovery as an individual with knowledge pertaining to Plaintiff's mental state, but that such designation was later withdrawn. However, the record is not altogether clear on this point and neither party has attached any clear evidence in the record to indicate the status of such designations. To the extent Plaintiff intends to rely on the testimony of Laura Johnson, the Court

notes that her records would be discoverable and Plaintiff would waive any privilege she currently claims.  However, until it is clear that Plaintiff intends to rely on her testimony or the contents of those records to prove up her mental anguish claim, the Court finds Plaintiff has not waived their privileged nature.

    **SO ORDERED.**

    **SIGNED this 15th day of May, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE